UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEAN BAPTISTE EDNER,

                Plaintiff,　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　14-CV-580 (MKB)
      v.

TWU LOCAL 100-ATU,

                Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Jean Baptiste Edner, proceeding *pro se*, commenced this action on January 24, 2014, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), against Defendant Transport Workers United Local 100 ("the Union").[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. For the reasons discussed below, Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**I. Background**

Plaintiff's Complaint is submitted on an employment discrimination form supplied by the Court, in which he claims termination of employment, retaliation and "lack of assistance from

---

[1] Plaintiff filed a similar action against against New York City Transit Authority – Metropolitan Transportation Authority on the same day, alleging "unfair termination" and retaliation. *See* Complaint, *Edner v. NYCTA-MTA*, No. 14-CV-581 (E.D.N.Y. 2014). By Memorandum and Order dated May 7, 2014, the Court granted Plaintiff 30 days leave to amend his Complaint in that action.

TWU Local 100." (Compl. 3)  Plaintiff attaches related documents to the Complaint, including a "Written Rebuttal" and a "Grievance Form."  (Written Rebuttal, annexed to Compl. at ECF 6; Grievance Form, annexed to Compl. at ECF 12.)  Plaintiff alleges that his employment was terminated on or about April 13, 2012, one month before his probation period ended, (Compl. 2; Written Rebuttal 1), and appears to allege that Defendant failed to adequately represent him during the termination proceedings, (Written Rebuttal 1).  Plaintiff claims that he did not "understand why a union representative forced me to sign a termination when the given reasons were unfair," and asserts "[t]he Union representative [was] supposed to defend me . . . ."  (*Id*.)

Plaintiff filed a charge of employment discrimination with the New York State Division of Human Rights or the New York City Commission on Human Rights on March 18, 2013.  (Compl. 4.)  On October 28, 2013, the EEOC issued a Dismissal and Notice of Rights letter "adopt[ing] the findings of the state or local fair employment practices agency that investigated [Plaintiff's] charge."  (Dismissal and Notice of Rights letter, annexed to Compl. at ECF 19.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*  In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks

omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

      **b.    The Complaint fails to state a claim against the Union**

Plaintiff seeks to bring a Title VII claim against the Union but he fails to plead sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e-2(a) (emphasis added); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012).

In order for Plaintiff to demonstrate that the Union violated his rights pursuant to Title VII, he must show that: (1) "the union breached its duty of fair representation," and (2) the Union's "actions were motivated by discriminatory animus." *McIntyre v. Longwood Cent. Sch. Dist.*, 380 F. App'x 44, 49 (2d Cir. 2010) (citing *Bugg v. Int'l Union of Allied Indus. Workers*, 674 F.2d 595, 599 n.5 (7th Cir. 1982)); *Klaper v. Cypress Hill Cemetery*, No. 10-CV-1811, 2012 WL 959403, at *7 (E.D.N.Y. Mar. 21, 2012) (same). "A union breaches the duty of

3

fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Pinkney v. Progressive Home Health Servs.*, 367 F. App'x 210, 212 (2d Cir. 2010) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)); *see also Coureau v. Granfield*, 942 F. Supp. 2d 315, 320 (E.D.N.Y. 2013) (same).

Here, Plaintiff only asserts that the Union failed to provide him with proper assistance. (Compl. 3; Written Rebuttal 1.) Plaintiff does not allege that the Union's actions were motivated by discriminatory or retaliatory animus. *See Durant v. Union Local 237*, No. 12-CV-1166, 2013 WL 1232555, at *6 (E.D.N.Y. Mar. 4, 2013) ("Plaintiff must ultimately show that the union's actions were motivated by discriminatory or retaliatory intent."), *report and recommendation adopted*, No. 12-CV-1166, 2013 WL 1247520 (E.D.N.Y. Mar. 26, 2013). Plaintiff provides no facts to connect Defendant's alleged failure to provide him with proper assistance to one or more Title VII protected classes. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (recognizing that "*Twombly* and *Iqbal* require factual amplification where needed to render a claim plausible" (alteration, citation and internal quotation mark omitted)).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his Complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that the Union breached its duty of fair representation and that the Union's actions were motivated by discriminatory animus. If available, Plaintiff should include a copy of the charge of discrimination that he filed with the state or local employment agency that investigated his allegations or a copy of the charge that he

4

filed with the EEOC. Any amended complaint must be filed within 30 days of the date of this Memorandum and Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this order. If Plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed.

### III. Conclusion

Plaintiff is granted 30 days from the date of this order to replead his Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 7, 2014
Brooklyn, New York